E-FILED
Friday, 23 January, 2015  02:18:20 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| MIKAIL COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14 – cv - 4103 |
| | ) |
| ROCK ISLAND POLICE OFFICER | ) |
| PHILLIP LEDBETTER, CITY OF | ) |
| ROCK ISLAND and UNKNOWN | ) |
| OFFICERS, | ) |
| | ) |
| Defendants. | ) |

**PHILLIP LEDBETTER AND CITY OF ROCK ISLAND'S**
**MOTION TO DISMISS PURSUANT TO RULE 12(b) (6) OF THE FEDERAL CODE OF**
**CIVIL PROCEDURE**

NOW COME the Defendants, PHILLIP LEDBETTER and CITY OF ROCK ISLAND, by and through their attorneys, Pappas Davidson O'Connor & Fildes, P.C., and move this Honorable Court to strike and dismiss Count III (Monell) along with certain paragraphs in support of Count III, Count V (False Arrest), Count VII (Respondeat Superior) and Count IX (Punitive Damages) in support thereof the Defendants state as follows:

**I.    INTRODUCTION**

1.    Count III of Plaintiff's complaint fails to allege sufficient facts to state a claim for a Section 1983 violation under the Equal Protection clause otherwise known as a Monell claim against the City of Rock Island. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Likewise, those paragraphs in an attempt to state a Monell claim are conclusions unsupported by fact that must be stricken. See, McCauley v. City of Chicago, 671 F.3d 611 (7th Cir.); Plaintiff complaint

attached as Ex. A at par. 43-52, Count I- par. 57; Count II- par. 62; Count III; Count IV- par. 77; Count V- par. 82; Count VI-par. 86.

Count V fails to state a claim for false arrest and false imprisonment against the Defendants because the Plaintiff admits facts in his complaint to establish that Officer Ledbetter had probable cause to arrest the Plaintiff. Further, Officer Ledbetter and the other officers have qualified immunity for the arrest and imprisonment of the Plaintiff. Moreover, Heck v. Humphrey, 512 U.S. 477 (1994), bars the claim because the claim would be an impermissible attack on the validity of the Plaintiff's conviction. The Plaintiff admits that he was observed by Officer Ledbetter walking in the street of 16th Avenue. Ex. A at pars. 17, 20. Walking in the street is a violation of 625 ILCS 5/11-1007(a). Subsequently, the Plaintiff was found guilty of 625 ILCS 5/11-1007(a). See, certified copy of conviction attached as Ex. B.

Count VII fails to state a claim for respondeat superior liability against the City of Rock Island for Section 1983 violations. " … [A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell at 691.

Count IX fails to state a cause of action against the City of Rock Island for punitive damages. Pursuant to 745 ILCS 10/2-102, the City of Rock Island "… is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102.

## II.    RULE 12(b) (6) STANDARD

2.    A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the Plaintiff fails to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) citing, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007). The factual allegations in a complaint must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56; see also, Swanson v. Citibank, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011) (emphasis added).

### III.     ARGUMENT

#### A.     Count III Fails to State a Cause of Action for a Monell Claim

3.     Count III fails to state a cause of action for a Monell claim against the City of Rock Island because the Plaintiff fails to plead sufficient facts in support of the claim. To establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes, but is the "moving force" behind the deprivation of constitutional rights. Estate of Sims v. Cnty. Of Bureau, 506 F.3d 509, 514 (7th Cir. 2007) quoting, City of Canton v. Harris, 489 U.S. 378, 389 (1989).

A plaintiff can establish an official policy through (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Teesdale v. City of Chicago, 690 F.3d 829 (7th Cir. 2012) (citing Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007)). There must be an affirmative link between the policy and the particular constitutional violation alleged. Smith v. Sangamon County Sheriff's Dep't, 715 F.3d 188 (7th Cir. 2013)

citing, Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003) (explaining that "to establish … whether the [City] was deliberately indifferent to the [plaintiff's rights]," the plaintiff must show that the City has a custom or policy that contributed to his injury). In other words, the Plaintiff must allege sufficient facts to establish a direct causal link between a custom or policy of the City of Rock Island and the unconstitutional conduct that the Plaintiff alleges. See, Board of County Comm'rs v. Brown, 520 U.S. 397 (1997).

Here, the allegations in support of a Monell claim are merely conclusions, boilerplate language and are nothing more than a formulaic recitation of the elements that a plaintiff needs to prove a Monell liability. Moreover, the Plaintiff fails to allege any facts to establish a direct causal link between a custom or practice and the unconstitutional conduct the Plaintiff alleges. Ultimately, the Plaintiff fails to allege sufficient facts to state a Monell claim.

For example, in paragraph 43, the Plaintiff alleges that the officers' conduct toward the Plaintiff was caused by "the City of Rock Island's pervasive, long-standing practices and customs relating to its' officers use of excessive and unreasonable force." Ex. A at par. 43. However, the Plaintiff fails to allege facts rather than conclusions as to what "pervasive, long-standing practices and customs" to which the Plaintiff refers. Likewise, in paragraph 44, the Plaintiff alleges conclusions and not any facts that the City of Rock Island failed to adequately train its officers and investigate police complaints. Ex. A at 44. In Hill v. City of Chicago, the court held that the same type of vague and broad allegations without details regarding training failed to support the existence of a custom or policy. Hill v. City of Chicago, 2014 U.S. Dist. LEXIS 66609, 26-27 (N.D. Ill. May 14, 2014); compare, Lanigan v. Vill. of E. Hazel Crest, Ill., 110 F.3d 467, 479-80 (7th Cir. 1997) (noting that Seventh Circuit reversed dismissal of Monell claim in Sledd v. Linsday, 102 F.3d 282, 289 (7th Cir. 1996), because the complaint in Sledd

included factual details as the number of excessive force complaints filed against the Chicago Police Department, the number of complaints investigated, and the number of complaints the Police Department's Office of Professional Standards believed had merit).

Similarly, in paragraph 45, the Plaintiff alleges "on information and belief" that the officers involved have engaged and continue to engage in a pattern of excessive force but the Plaintiff fails to allege facts to support the existence of a pattern of excessive force or a pattern that the City of Rock Island failed to respond to the complaints of the officers involved. Ex. A at 45. In paragraph 46 the Plaintiff alleges, with no facts, that the City of Rock Island had a "pervasive, long-standing practice and custom" of sending white officers into African American neighborhoods that increased the likelihood of the use of excessive force. Ex. A at 46. In paragraph 47, the Plaintiff alleges that the City of Rock Island had a long-standing policy of failing to employ an "adequate number of African-American police officers" and that the City of Rock Island "only hired white police officers" which resulted in the increased likelihood of the use of excessive force. Ex. A at 47. Again, the Plaintiff provides only conclusions unsupported by any fact as to the hiring policies of the City of Rock Island, facts about the racial make-up of its police department or any facts that the racial make-up of the police department increases the likelihood of the use of excessive force in certain neighborhoods.

The City of Rock Island can continue to cite with specificity the inadequate allegations but the Plaintiff's pleading deficiencies persist in his failed attempt to plead a Monell claim by alleging conclusions unsupported by any facts in paragraphs 48, 49, 50, 51, 52, Count I – 57, Count II - 62, Count III, Count IV–77, Count V–82 and Count VII–86.

4. In McCauley v. City of Chicago, 671 F.3d 611 (7th Cir. 2011), the court held that to state a Monell claim against a city for a violation of the plaintiff's right to equal protection, the

plaintiff was required to "plead[] factual content that allows the court to draw the reasonable inference" that the city maintained a policy, custom, or practice of intentional discrimination against a class of persons to which the plaintiff belonged." McCauley at 616. The court went on to hold regarding the sufficiency of a complaint alleging a civil rights violation:

> In reviewing the sufficiency of a complaint under the plausibility standard announced in Twombly and Iqbal, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Iqbal, 129 S. Ct. at 1951. After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations "plausibly suggest an entitlement to relief." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. Id. at 557. If the allegations give rise to an "obvious alternative explanation," Iqbal, 129 S. Ct. at 1951; Twombly, 550 U.S. at 567, then the complaint may "stop[] short of the line between possibility and plausibility of 'entitle[ment] to relief,'" Twombly, 550 U.S. at 557. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.
>
> We have interpreted Twombly and Iqbal to require the plaintiff to "provid[e] some specific facts" to support the legal claims asserted in the complaint. Brooks, 578 F.3d at 581. The degree of specificity required is not easily quantified, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). The required level of factual specificity rises with the complexity of the claim. Id. at 405 ("A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.").

McCauley at 616-617. In McCauley, the plaintiff attempted to allege a Monell claim against a city alleging that it had a policy to afford lesser or no protection to victims of domestic violence. The court determined that the complaint was complex such that it required factual allegations to:

> … draw the reasonable inference that the City established a policy or practice of intentionally discriminating … in the provision of police protection. That is, [the plaintiff] needed to allege enough "by way of factual content to 'nudg[e]' his claim

of purposeful discrimination 'across the line from conceivable to plausible.'" Iqbal, 129 S. Ct. at 1952 (quoting Twombly, 550 U.S. at 570)).

McCauley at 618. The court held that after disregarding the factual and legal conclusions in the complaint, the complaint failed to state a cause of action for a Monell claim. Id. at 618-619.

Like McCauley, the Plaintiff's Monell claim in Count III is complex and requires the plaintiff to plead facts to draw the inference that the City of Rock Island has a policy or practice of intentionally discriminating against minorities. Here, the Plaintiff's Monell claim merely alleges conclusions without facts such that the claim is speculation and the claim fails to "tell a story that holds together." Moreover, the claim has insufficient facts to nudge the claim of purposeful discrimination from merely conceivable to plausible. Iqbal, 129 S. Ct. at 1952 quoting, Twombly, 550 U.S. at 570.

As such Count III must be dismissed along with the following allegations in support of Count III and other conclusive allegations regarding the policies of the City of Rock Island:

> Paragraphs 43-52, Count I–57, Count II–62, Count III, Count IV–77, Count V–82, and Count VI-86.

**B.     Count V Fails to State a Cause of Action for False Arrest and False Imprisonment**

5.     Count V fails to state a cause of action for false arrest and false imprisonment because the plaintiff admits in his complaint that Officer Ledbetter had probable cause to arrest and imprison the Plaintiff. Further, Officer Ledbetter has qualified immunity for the arrest and imprisonment of the Plaintiff. Finally, Heck v. Humphrey, 512 U.S. 477, bars the claim because the claim would be an impermissible attack on the validity of the Plaintiff's conviction.

The Plaintiff alleges that he was walking westbound on 16th Avenue between 7th and 9th Street in Rock Island. Ex A at 16. The plaintiff admits that he walked on the pavement of 16th Avenue before his arrest and imprisonment. Ex. A at 17. The Plaintiff admits that Officer Ledbetter saw the Plaintiff walking on 16th Avenue and that was the reason Officer Ledbetter stopped the Plaintiff. Ex. A at 20.

Under Illinois law, it is unlawful for a pedestrian to walk on the roadway. 625 ILCS 5/11-1007 states:

> Sec. 11-1007. Pedestrians walking on highways. (a) … where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

625 ILCS 5/11-1007. A Google map image of 16th Avenue between 7th and 9th Street in Rock Island shows that there is an available sidewalk on the north side of 16th Avenue between 7th and 9th Avenue. See, Google map image attached as Ex. C; Bruce v. Guernsey, 2014 U.S. Dist. LEXIS 622 (C. D. Ill. 2013) (court took judicial notice of Google maps). Subsequently, the Plaintiff was found guilty of violating 625 ILCS 5/11-1007. Ex. B.

6. Where the underlying facts supporting probable cause are not in dispute, a court may decide whether probable cause exists. Gonzalez v. City of Elgin, 578 F.3d 526, 537 (7th Cir. 2009) citing, Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir. 1993). Once probable cause relating to an offense is established, all § 1983 liability for the arrest and imprisonment against the arresting officers is barred, "even if the person was arrested on additional or different charges for which there was no probable cause." Holmes v. Vill. of Hoffman Estates, 511 F.3d 673, 682 (7th Cir. 2007) citing, Devenpeck v. Alford, 543 U.S. 146, 153 (2004). As long as an officer had probable cause to believe that an individual committed even a very minor offense in

his presence, then the officer may arrest the offender without violating the Fourth Amendment. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2004).

Here, the Plaintiff admits that he was walking in the street in violation of Illinois law and in the presence of Officer Ledbetter. Subsequently, the Plaintiff was found guilty of the offense. Consequently, the undisputed facts establish that that Officer Ledbetter had probable cause to arrest and imprison the Plaintiff such that Count V must be dismissed.

7. Officer Ledbetter is immune from liability for Count V. Qualified immunity protects Officer Ledbetter from civil liability for damages so long as his conduct does not violate a "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If a reasonable officer could have believed the action taken was lawful, in light of clearly established law and the facts known to the officer at the time, qualified immunity exists for that action. Omdahl v. Lindholm, 170 F.3d 730, 733 (7th Cir. 1999). If Officer Ledbetter had "arguable probable cause" to arrest the Plaintiff, even if that belief was mistaken, he has qualified immunity against a false arrest claim. Abbott v. Sangamon Cnty. Ill., 705 F.3d 706, 714-15 (7th Cir. 2013).

Here, the Plaintiff admits in his complaint that he violated Illinois law in the presence of Officer Ledbetter. Consequently, Officer Ledbetter had probable cause to arrest and imprison the Plaintiff such that he has qualified immunity for the claims in Count V.

8. Finally, Count V must be dismissed because the U.S. Supreme Court held that a criminal defendant may not use Section 1983 to claim damages for an allegedly unconstitutional conviction or imprisonment, " … or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid …" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The reasoning of the Heck holding is because criminal defendants cannot use Section 1983 as a

collateral attack on an otherwise valid criminal conviction. Id. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to Section 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). Pursuant to Heck, it requires the court consider whether a judgment in the plaintiff's favor in the civil action would necessarily imply the invalidity of the conviction or sentence. Heck, 512 U.S. at 487. If it would, the Section 1983 action cannot stand. Id.

Here, the Plaintiff was found guilty of violating 625 ILCS 5/11-1007. The Plaintiff has not attacked that validity of that conviction. If the Plaintiff were to receive a judgment based on the false arrest or false imprisonment, then it would imply that the criminal conviction was invalid which is contrary to Heck, supra. Consequently, Count V must be dismissed.

### C.    Count VII Fails to State a Claim for Respondeat Superior Liability Against the City of Rock Island for Section 1983 Violations

9.    Count VII fails to state a claim for respondeat superior liability against the City of Rock Island for Section 1983 violations. The Plaintiff alleges that the City of Rock Island "… is liable as principal for all torts committed by its agents on [sic] the scope of their employment." Ex. A at Count VII, par. 89. This allegation includes the City of Rock Island's Section 1983 liability for its police officers' alleged excessive force (Count I) and the police officers' failure to intervene (Count II). According to Monell:

> In particular, we conclude that municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory.

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). As such, Count VII fails to state a cause of action against the City of Rock Island for any Section 1983 actions based on respondeat superior.

### D. Count IX Fails to State a Cause of Action Against the City of Rock Island for Punitive Damages

10. In Count IX, the Plaintiff alleges that he is entitled to punitive damages from the City of Rock Island. However, according to 745 ILCS 10/2-102:

> Sec. 2-102. Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.

745 ILCS 10/2-102; Short v. Nolan, 2010 U.S. Dist. LEXIS 2983 (C.D. Ill. 2010) (punitive damage claims were stricken against a municipality in a civil rights complaint). Consequently, the claim for punitive damages against the City of Rock Island must be stricken and dismissed.

### III. CONCLUSION

11. For the foregoing reasons, the Defendants request as follows:

The City of Rock Island requests that par. 43-52, Count I-par. 57, Count II-par. 62, Count III, Count IV-par. 77, Count V-par. 82, Count VI-par. 86 be stricken and dismissed;

The Defendants request that Count V be dismissed;

The City of Rock Island requests that Count VII be dismissed with regard to respondeat superior liability for Section 1983 claims;

The City of Rock Island requests that Count IX be dismissed.

WHEREFORE, the Defendants request this Honorable Court to strike and dismiss those counts and paragraphs designated in paragraph 11 of this motion with prejudice and any further relief as the Court may deem just and proper.

Dated: January 23, 2015

                                              Pappas, Davidson, O'Connor, & Fildes

                                              */s/ Gerald Cleary*

                                              Gerald Cleary # 6201000
                                              One of the Attorneys for Defendants

Gerald Cleary
Jeffrey D. Wright
Pappas Davidson O'Connor & Fildes, P.C.
900 West Jackson Blvd.
Chicago, Illinois 60607
(312) 421-5960
FAX (312) 421-5310
gcleary@pdoflegal.com
jwright@pdoflegal.com
ATTORNEYS FOR DEFENDANTS

<u>PROOF OF SERVICE</u>

      I hereby certify that on January 23, 2015, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Al Hofeld, Jr.
Law Offices of Al Hofeld Jr.
1525 E. 53rd Street, Ste. 832
Chicago, IL  60615
Telephone: (773) 241-5844
Facsimile: (773) 241-5845
Email: al@alhofeldlaw.com

***/s/ Gerald Cleary***