**E-FILED**
Tuesday, 15 September, 2015  05:15:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MIKAIL COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-4103-SLD-JEH |
| | ) |
| ROCK ISLAND POLICE OFFICER | ) |
| PHILLIP LEDBETTER, CITY OF ROCK | ) |
| ISLAND, and UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

Plaintiff Mikail Collier is suing Defendants City of Rock Island ("Rock Island"), Officer

Phillip Ledbetter, and unknown officers for the exercise of excessive force during Collier's

arrest. Collier brings his claims under 42 U.S.C. § 1983 and Illinois law.  He seeks compensatory

and punitive damages and attorney's fees.  Before the Court are Defendants' Motion to Dismiss

parts of the Complaint, ECF No. 9, and Plaintiff's Motion for Leave to File a First Amended

Complaint, ECF No. 24.   For the following reasons, the Motion to Dismiss is GRANTED, and

the Motion for Leave is STRICKEN.  Plaintiff's Motion for Hearing, ECF No. 10, is DENIED.

## BACKGROUND[1]

On July 14, 2014, Collier was walking with his cousin to a friend's house.  Ledbetter

followed the two in his police car for approximately one block.  There was no sidewalk on the

street.  Ledbetter drove by, pulled over, and approached them on foot.  Collier asked Ledbetter

why he had been following them and Ledbetter replied, "[B]ecause you were walking in the

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most
favorable to the plaintiff.  *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012)
(citation omitted).  Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the
Complaint, ECF No. 1.

street back there." Ledbetter twisted Collier's wrist behind his back, then grabbed Collier under his arm and slammed him to the ground, cutting his face. Ledbetter knelt on Collier's back. Other officers arrived at the scene shortly thereafter to assist with the arrest. None intervened in the contact between Collier and Ledbetter. Later, when Ledbetter transferred Collier from one police car to another, he told Collier: "I owned your ass." Collier was charged criminally with resisting arrest.

On December 18, 2014, Collier filed suit against the City of Rock Island and Officer Ledbetter. On January 23, 2015, the City of Rock Island and Ledbetter filed their motion to dismiss.

## DISCUSSION

### I. Legal Standard on a Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

### II. Analysis

#### A. The Complaint and Motion to Dismiss

2

Collier's Complaint alleges 9 counts.  The counts pursuant to 42 U.S.C. § 1983 are:  I, a fourth amendment violation as to Ledbetter (termed "Excessive Force"), Compl. ¶¶ 53–58; II, the failure of the unknown officers to intervene  on Collier's behalf, *id.* ¶¶ 59–63; and III, an equal protection count against "defendant officers," apparently intended as a claim against Rock Island pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978), Compl. ¶¶ 64–71.  The state law counts are:  IV, assault and battery as to Ledbetter and Rock Island,[2] *id.* ¶¶ 72–77; V, false arrest and imprisonment as to Ledbetter and Rock Island, *id.* ¶¶ 78–82; VI, intentional infliction of emotional distress ("IIED") as to Ledbetter and Rock Island, *id.* ¶¶ 83–86; VII, "respondeat superior," *id.* ¶¶ 87–89; VIII, "indemnification," *id.* ¶¶ 90–92; and IX, "punitive damages," *id.* ¶¶ 93–97.  Plaintiff seeks compensatory and punitive damages, and attorney's fees.  *Id.* at 16.

In their Motion to Dismiss, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to:  Count III, *Monell* liability, Mot. Dismiss 3–7; Count V, false arrest and imprisonment, *id.* at 7–10;  Count VII, respondeat superior liability against Rock Island, *id.* at 10; and Count IX, punitive damages against Rock Island, *id.* at 11.  The Court addresses each of these arguments below.

At the outset, however, it is appropriate to explain some of the basics of pleading in federal court.  Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs," and that "if doing so would promote clarity, each claim

---

[2] Counts IV, V, and VI purport to sue Ledbetter "in his individual and official capacities."  Compl. ¶¶ 72, 78, 83.  As long ago as 1991, the Supreme Court hoped "to eliminate lingering confusion about the distinction between personal- and official-capacity suits . . . . [and] emphasized that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff names Rock Island in the same breath as he attempts to sue Ledbetter in his official capacity.  If Ledbetter is an agent of Rock Island the pleading is redundant; if he is an agent of some other entity, that entity should be named, and its policies and practices, as distinct from Rock Island's allegedly discriminatory customs, should be named.  *See id.* at 361–62 ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.").

founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  Plaintiff appears to misunderstand the difference between a claim for relief, which arises from a distinct transaction or occurrence, and the legal underpinnings of such a claim.  The former should, per Rule 10(b), be separated into distinct counts; the latter should not.  *See N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 291 (7th Cir. 1992) ("A 'claim for relief' seeks redress for a distinct wrong; a distinct legal underpinning differs from a new claim . . . ."). "As common as the very different usage drawn from other sources and legal cultures may be, the concept of a separate count thus does *not* properly encompass the statement of what is no more than a different theory of recovery on the same claim."  *Orthodontic Ctrs. of Ill. v. Michaels*, 407 F. Supp. 2d 934, 935 (N.D. Ill. 2005).

Plaintiffs' Counts VII, VIII, and IX—"respondeat superior," "indemnification," and "punitive damages"—are not "claims," in that they do not identify even potentially separate transactions or occurrences upon which a theory of legal liability could be founded.  Rather, they are, respectively: a theory of liability by which an employer may be liable for his employee's torts, *see Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 792 (7th Cir. 2014) *cert. denied*, 135 S. Ct. 1024 (2015); the act of giving money or other payment to someone for some damage, loss, or injury, *see* "indemnify," *Merriam-Webster Online Dictionary*, 2014, http://www.merriam-webster.com/dictionary/indemnify (13 Aug. 2014); and a form of damages "not intended to compensate the injured party, but rather to punish the tortfeasor," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981).  None of these things, which, evidently enough, Plaintiff would like to see happen, merits a separate count, because none is a distinct claim for

relief.[3]  Plaintiff has, in short, confusingly included his heterogeneous wants, along with his claims for relief, under the heading of "Count."

Defendants have accommodated themselves to Plaintiff's scattershot pleading by styling their Motion as one to both dismiss certain claims, pursuant to Rule 12(b)(6), and to strike certain material, pursuant to rule 12(f), which is an appropriate enough adaptation.  *See* Mot. Dismiss 1.  Plaintiff is cautioned, if he chooses to amend his Complaint, to do so in conformity with the foregoing observations.

### B.  *Monell* Claim

Defendants argue that Plaintiff does not allege sufficient facts to show *Monell* liability. "A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority."  *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690).

Plaintiff replies that the facts he alleges are sufficient to make out a pattern-or-practice based *Monell* claim because he pleads:  1) the facts surrounding his arrest, Resp. Mot. Dismiss 8; 2) that Rock Island "has a pattern and practice of using excessive force more frequently and egregiously against African-American and other minorities," *id.* at 7–8; 3) that it customarily sends white officers into predominantly African-American neighborhoods and fails to employ adequate numbers of African-American officers, *id.* at 8; 4) that it  "demonstrates deliberate

---

[3] In particular, damages, and all demands for particular types of relief, are formally separated in Rule 8 from claims for relief.  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); it must also and distinctly contain "a demand for the relief sought, which may include relief in the alternative or different types of relief," *id*. 8(a)(3).  Plaintiff appears to understand this distinction at some level, since his Complaint contains both a Count requesting punitive damages, and a "Prayer for Relief on All Counts" which, duplicatively, contains a request for punitive damages.  Compl. 16.

indifference to its white officers' disproportionate use of derogatory language and excessive force," *id.* at 9; and 5) that it refuses to investigate, discipline, or dismiss officers who use excessive force, leading officers to continue to do so, *id.* at 9–10.

As an initial matter, Plaintiff once again muddies the waters by stating, in his Response to the Motion to Dismiss, that "Counts I-III Properly Plead Municipal Liability Under *Monell*." Resp. Mot. Dismiss 6.  But, in arguing against *Monell* liability, Defendants took issue only with Count III, probably because Count III's mention of Rock Island's alleged policies and practices is somewhat less perfunctory than that made in Counts I and II.  However, the previous two Counts, for "excessive force" and "failure to intervene," do identify themselves as being lodged against all defendants, and mouth the familiar "pervasive practices and customs" language that portends Plaintiff's ubiquitous wish to invoke *Monell*.[4]  The Court in any case will construe Defendants' Motion to Dismiss as addressing itself to Counts I-III, insofar as they seek to allege Rock Island's constitutional liability under § 1983 and *Monell*.

Plaintiff's putative *Monell* claim cannot succeed as pleaded because most of his factual allegations relevant to municipal liability are bare legal conclusions, and what allegations remain are not sufficient to "nudge[ ] his claims . . . across the line from the conceivable to the plausible." *Iqbal*, 556 U.S. at 680.  *Ashcroft v. Iqbal* mandates a "two-pronged approach," 556 U.S. at 679.  First, pleadings that are "no more than conclusions," *id.*, are omitted from consideration by a court.  Here, Plaintiff's second, fourth, and fifth sets of allegations—that Rock Island has a pattern and practice of using excessive force, Compl. ¶ 48, is indifferent to its officers' use of excessive force and derogatory language, *id.*, and that it refuses to properly supervise or investigate police misconduct, *id.* ¶ 49—are merely statements of a legal conclusion,

_____

[4] It is worth noting here that, arising from a dramatically broader set of facts than individual officer misconduct, as a Monell claim must, it would be been highly appropriate for Plaintiff to separate his Monell claim into a Count separate from his constitutional allegations against Officer Ledbetter individually.

unmarked by even the faintest sign of factual specificity.  The first assertion merely repeats

*Monell*'s practice-or-custom standard, *see Thomas*, 604 F.3d at 303, while the latter two name

with a little prolixity a common sort of *Monell* claim, a "failure-to-discipline" claim.  *See, e.g.*,

*McLin ex rel.Harvey v. City of Chicago*, 742 F. Supp. 994, 998 (N.D. Ill. 1990); *Hudkins v. City*

*of Indianapolis*, No. 1:13-CV-01179-SEB, 2015 WL 4664592, at *29 (S.D. Ind. Aug. 6, 2015).

These bare, conclusory assertions (if true, they would simply constitute Defendants' guilt; *see*

*Iqbal*, 556 U.S. at 680) are not entitled to the assumption of truth.  *Id.* at 679.

   Plaintiff's remaining assertions as to municipal liability—that Rock Island sends mostly

white officers into African-American neighborhoods, Compl. ¶ 46, and that it does not hire

enough African-American police officers, *id.* ¶ 47—while similarly devoid of specificity, are at

least not in the form of a legal conclusion.  However, standing on their own, they do not come

close to allowing the Court to draw the reasonable inference that Defendant Rock Island is liable

under *Monell*—the second prong of the *Iqbal* approach.  *See Twombly*, 550 U.S. 544, 556

(2007).  In order to state a *Monell* claim for a municipal practice or custom, that practice must be

so "permanent and well-settled," *Waters v. City of Chicago*, 580 F.3d 575, 581 (7th Cir. 2009),

that it causes a constitutional violation, *id.*  And in order ultimately to be found liable, a

municipality "must have been aware of the risk created by the custom or practice and must have

failed to take appropriate steps to protect the plaintiff."  *Thomas v. Cook County Sheriff's Dept.*,

604 F.3d 293, 303 (7th Cir. 2009)  It is difficult to see how Rock Island could be liable for the

deprivation of Plaintiff's civil rights just by virtue of having and using a largely white police

force, or how it could have been on notice of such a risk simply by having such a force.  *See*

*Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 792 (7th Cir. 1991) ("Obviously, if

one retreats far enough from a constitutional violation some municipal 'policy' can be identified

behind almost any such harm inflicted by a municipal official.... But *Monell* must be taken to require proof of a city policy different in kind from [the 'policy' of establishing a police force] . . . ." (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)) (alteration in original)).

Plaintiff relies heavily on *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), which held that "ordinary notice pleading suffices for § 1983 claims against municipalities," *Gustafson v. Jones*, 117 F.3d 1015, 1022 (7th Cir. 1997). *See Leatherman*, 507 U.S. at 168 ("We think that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules.").[5]  However, the ordinary notice pleading standards of Rule 8, clarified by *Twombly* and *Iqbal*, do not represent the application of any heightened pleading standard.  *See Twombly*, 550 U.S. at 559 n.14 ("In reaching this conclusion, we do not apply any 'heightened' pleading standard"); *cf.* Fed. R. Civ. P. 9(b).  Plaintiff has simply failed to plead non-conclusory facts even remotely suggesting a pattern or practice of discrimination by the police.  Courts have frequently dismissed *Monell* claims as insufficiently pleaded for reasons similar to those that obtain in the instant case, both before and after *Twombly* and *Iqbal* were announced.  *See, e.g.*, *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997) (holding that a single alleged hiring decision by a county sheriff was not enough to make out a claim that the County itself had a policy or custom that caused Plaintiff's injuries); *Gustafson*, 117 F.3d at 1021–22 (7th Cir. 1997) (holding that an alleged series of isolated incidents of transfer or passing over for promotion of police officers did not succeed in stating a

---

[5] Plaintiff correctly observes that district courts since *Twombly* and *Iqbal* have continued to follow *Leatherman* in construing the pleading standard for *Monell* claims as identical to the standard for ordinary claims.  Plaintiff puzzlingly describes some of these cases—*Jordan v. Diaz*, No. 10 C 1178, 2010 WL 5476758, at *1 (N.D. Ill. Dec. 23, 2010)—as "affirming" the Supreme Court's decision, Resp. Mot. Dismiss 5 n.5, which of course they did not do.

pattern-or-practice claim); *White v. City of Chicago*, No. 11 C 7802, 2014 WL 958714, at *3 (N.D. Ill. Mar. 12, 2014) (holding that mere allegations of widespread pattern and practice of discrimination by the City of Chicago without any factual basis was insufficient to state a *Monell* claim).

Because, as pleaded, Plaintiff does not allege sufficient facts to state a claim  upon which relief can be granted under *Monell*, that claim must be dismissed.  Of course, "leave to amend should be freely given and only denied after a motion to dismiss where it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted."  *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 690 (7th Cir. 2004).  If Plaintiff can plead his *Monell* claim in conformity with Rule 8, he may try to do so.[6]

### C.  False Arrest and False Imprisonment

Defendants argue that Count V fails to state a claim because, on the facts alleged in the Complaint, Ledbetter had probable cause to arrest Collier.  Plaintiffs agree and request that the claim(s) under Count V be dismissed.  Resp. Mot. Dismiss 15.  Pursuant to Rule 41(a)(1)(A)(2), the Court dismisses Count V.

---

[6] In considering whether to attempt to bring this *Monell* claim, Plaintiff may find it useful to consider Judge Kennelly's explanation in *Medina v. City of Chicago* of the realities of *Monell* litigation:

> In many if not most cases, disposition of the individual claims will either legally or practically end the litigation. If the plaintiff fails to prove that he suffered a constitutional injury at the hands of an officer, the officer will prevail at trial, and the finding will (under ordinary circumstances) bar the individual's claim against the municipality. If the plaintiff prevails against the officer on his § 1983 claim, he is likely not to want or need to proceed any further, at least in this district and state.

> . . . . And presumably for many of the same reasons, many (if not most) plaintiffs in § 1983 cases filed in this district involving claims of excessive force by police officers—at least those involving the Chicago Police Department, where the burdens of *Monell* discovery and proof are greater due to the department's size—elect not to shoulder the burden of pursuing a *Monell* policy claim. They do so because they do not believe the extra burdens involved in prosecuting such a claim are justified by the benefits they may obtain.

*Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) (citations omitted).  The Court further highlights that Plaintiff nowhere asked for injunctive relief in his original complaint.

**D.  Respondeat Superior**

Defendants move to dismiss Plaintiffs' claim under Count VII, labeled simply "respondeat superior," arguing that *Monell*'s rule explicitly disallows automatic municipal liability for the torts of city agents, or "respondeat superior" liability.  Collier replies that he meant to state only that the state law claims were covered by respondeat superior. Resp. Mot. Dismiss 10.

As discussed above, the uncertainty created here arises from Plaintiff's confusion about how to separate his pleadings into Counts.  Count VIII puzzlingly identifies itself as not a claim but a type of liability, and then does not even do Defendants and the Court the service of explaining to which claims this type of liability is supposed to attach.  *See U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").  Since Count VII is not, properly understood, a freestanding claim, and it is not possible to determine which of the Complaint's actual claims it is meant to pertain to, it is stricken pursuant to Rule 12(f), which permits the Court to trike "any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff is correct to observe (and concede?) in his Response to the Motion to Dismiss that *Monell* claims do not involve respondeat superior, but are rather theories of municipal liability premised on the municipality's unconstitutional policies and practices.  *See Monell*, 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  He is equally correct to observe that for Illinois state law tort claims, "[t]here is no dispute that under the doctrine of *[r]espondeat [s]uperior*, . . . . a municipality may be held liable

for the tortious acts of police officers acting in the scope of their employment." Resp. Mot. Dismiss 14 (quoting *Brown v. King*, 767 N.E.2d 357, 360 (Ill. App. Ct. 2001)). Plaintiff's state law tort claims, Counts IV, V, and VI, are already leveled at both the individual defendants and Rock Island, presumably under the theory that Plaintiff identifies and defends in his Response. Insofar as he wishes to specify that theory of liability in those Counts, he is given leave to do so in an amended complaint.

### E.  Punitive Damages

Defendants move to dismiss or strike Count IX, styled "punitive damages," observing that punitive damages are not available against a municipality. Mot. Dismiss 11. Plaintiff concedes that punitive damages are not available against Rock Island, but maintains that punitive damages may be available against the officers charged. Resp. Mot Dismiss 14–15.

Once again, the confusion here appears to have been elicited by Plaintiff's manner of pleading a form of relief he wishes to obtain as a Count. Since Plaintiff already requests punitive damages as to all counts, Compl. 16, Count IX is duplicative in any event, and is stricken. *See* Fed. R. Civ. P. 12(f). Insofar as Plaintiff sought to recover punitive damages against Rock Island, he asks that his claim be dismissed, and the Court grants his request pursuant to Rule 41(a)(1)(A)(2).

### CONCLUSION

Accordingly, Defendants' Motion to Dismiss, ECF No. 9, is GRANTED, as specified herein. Plaintiff's Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE insofar as it seeks to bring *Monell* claims against Defendants. Count V of the Complaint is DISMISSED, and Counts VII and IX are STRICKEN. Plaintiff is granted leave to file an amended complaint in conformity with this Order by September 29, 2015, should he so elect. Plaintiff's Motion for

Leave to File a First Amended Complaint, ECF No. 24, seeks to add an officer defendant to

Plaintiff's original complaint.  That motion is STRICKEN, since the complaint it seeks to amend

has been dismissed, although, as explained above, Plaintiff is granted leave to file an amended

complaint, which may include claims against other officers alleged to have been involved in the

events that give rise to Plaintiff's claim.   Defendants' Motion for Hearing, ECF No. 10, is

DENIED.


Entered this 15th day of August, 2015.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE